Can the clerk call the, uh, first case or this case? Excuse me. First case 325-0124 in re Parentage of A.L.G. Stephen Guzman-Appley versus Brianne Sellin, a respondent. Mr. Cannulli, if you're ready. I am, your honor. Michael D. Cannulli appearing on my own behalf as the contemnor. Good afternoon, Justice. Good afternoon. Would you like me to begin? Yes, please. Thank you. I appreciate the fact that the appellate court has read the briefs and the transcripts and that it's a very limited issue. When I was found in contempt, this was a rather difficult hearing. It was a motion for sanctions. It was contested, and I was representing my client in accordance with my fiduciary duties, your honor. I know that you have not had the pleasure of working with me or I of you, but for the past 48 years of practice, I have a routine of getting up every morning and reading two pages of evidence, so I take my trial work very seriously. The court cited me for making speaking objections, and when I did the research, I couldn't find anything in the Illinois Code of Evidence, in the Supreme Court rules, in the code of procedure that even dealt with the subject of speaking objections. And the only rule I could find was in Rule 206, subparagraph C, subparagraph 3, and that relates to depositions, and it simply says that an objection must be concise, stating the nature of the legal objection. But, you know, when you look at the O'Leary case, the O'Leary case talks about contempt, and the one thing the O'Leary case says, and other cases since then, is that if there is a finding that an order has been violated, that the order has to be clear, it has to be precise, it has to be only subject to a single interpretation. So I do not think when you look at my questions, the two questions I cited for contempt, that it was a speaking objection, because really a speaking objection is really more for jury trials, where lawyers are making objections to get facts before the jury that might not be in evidence. Of course, this is a bench trial. But the question I asked was, or the objection I made was, and it appears at page 30 of the brief, Mr. Cannulli objection assumes facts not in evidence and also would be hearsay. It also lacks foundation, period. He is not the person who did the work, so he wouldn't know. This related to an attorney fee petition, and Ms. Traub, the other counsel, was trying to, I think, prove the reasonableness of her fees, or that fees were incurred, and she was trying to do that through her client. Well, of course, Judge, the attorney has to testify, and you can't do that through your client. They have no personal knowledge of that. So there was nothing about speaking objections. The objection was, it assumed facts not in evidence. It was hearsay, and it lacked a foundation, and it lacked personal knowledge. The second one was Mr. Cannulli, quote, objection, excessive and duplicative. There is no evidence of either, period. So those are specific objections. The court may have been a trial lawyer, may have certainly did preside over a great many trials. Lawyers are required to make a clear record for the appellate court, and I do appellate work, Judge, and I like to think- Mr. Cannulli, can I interrupt you just briefly? Yes, of course. Do you see the other two judges on your screen? I see Justice Anderson and Justice Peterson. Okay, I just wanted to make sure you kept referring to it as judge. I thought you were only speaking to one of us. No, and I apologize, Justice, because I didn't notice them up front. Good afternoon, Justice Anderson and Justice Peterson, Mike Cannulli. You know, my obligation is to make a clear objection, not a general objection. I did that. If there were professional judgment, Your Honor, I was doing what I thought was appropriate, which was objecting to objectionable questions and objecting to objectionable answers. I did take the time to take a look at the transcript, and on page 27, I thought to myself, well, was there anything different about this objection than other objections I made during the trial? And I cited those to the court so that the court could see that this objection was, I don't necessarily want to say garden variety, but there was nothing different or unusual about this particular objection. And if the case went to the appellate court, and if I felt that evidence was wrongfully admitted, it's my obligation as the attorney for preempt sealant to make a timely objection that's stated with clarity and specificity to preserve it. And I did that. There certainly was no prejudice to the other party, because in fact, Judge Reardon did impose sanctions, so they were successful on the motion. I would like the court to know that there is a pending appeal on the issue of sanctions that I have not yet obtained a ruling from the appellate court. I'd like to say one other thing, Judge, if I could. Judge Reardon and I have had a difficult relationship, and I'm not being critical of Judge Reardon, but there's actually four cases in the appellate court where I've appealed Judge Reardon. And I have a couple of cases I can share with you, but the appellate court can take judicial notice of- Hold on. What is the purpose of that? Because I'd like your honor to know that Judge Reardon and I have had a difficult relationship. We've had numerous contested hearings, and I'd like you to know that in each of those cases that went to the appellate court, I asked for a change of judge if the case was remanded. I can provide those cases to you. I'm not crying in my soup, but I would like the court to know the background. I do think there was some sensitivity or bias. I'm not sure another judge would have found me in criminal contempt. I think the first thing you said, which I agree with at the beginning, this is a very narrow issue. You rattled it off. It's two sentences. Let's stick with that. And then if we get to that, I don't think talking about other appeals or the facts of other cases is appropriate, frankly. I'm happy to do that, your honor. Thank you. Sure. So there is no rule of evidence, no rule of civil procedure, no Supreme Court rule that I could find that even spoke to the issue of speaking objection. I think it's a vague term. I don't know that there's a specific definition that if you ask 10 lawyers what's the definition of a speaking objection, you'd probably get 10 different answers. And that's the core principle about contempt. It has to be a very clear order, not subject to ambiguity, not subject to different interpretations. So first of all, I don't think I violated a rule. Secondly, if you read the questions, and I apologize to the court, I would apologize to any judge if they felt that I was being disrespectful. It's never my intention to be disrespectful. There's nothing in this record other than I'm representing my client with regard to the direct examination of Mr. Guzman. So I do think the objections were correct. I think Judge Reardon's rulings on the objections were not correct. And this was nothing more than a good faith effort to represent a client and to make a clear record. It really gets into the professional judgment of an attorney. And just think about the practical judge could offer a specific but unclear instruction to a lawyer. I did cite a case in my brief, and I filed a motion for the court to consider some additional authority where a judge directed a lawyer not to pursue a line of questioning. And the lawyer ultimately was found in contempt, and it went up to the appellate court. And the appellate court said, well, that direction to the lawyer was not specific enough. Mr. Connolly, what about the judge's inherent ability to control their courtroom and to manage a case? Does that play in at all in terms of whether the judge can tell you to not ask certain types of questions? I think that a judge has certainly the authority to manage their courtroom. And I think that they should do so in accordance with whatever the rules happen to be. In other words, if there's a rule violation, certainly they should direct the attorneys how they should conduct themselves. What's a little bit different about this case is it wasn't really a violation of a rule. And these particular objections were not really any different from other objections, which Judge Reardon didn't take issue with. So it's kind of hard to figure out, well, what would be contemptuous? What isn't contemptuous? So is it your contention that Judge Reardon did not have authority to prohibit you from making speaking objections? Well, the best way I can answer that is I didn't think it was a speaking objections because everything I did was to specifically say what the objection was. There was no narrative or statements trying to get facts and evidence that were not in evidence. And again, this was a bench trial. So I think the court can certainly direct the lawyers, but I think the direction has to have some support in the rules. And I can't say much more other than I was pretty surprised that she held me in contempt because of the other questions and objections I made that weren't contemptuous. But your answer is yes, a judge must maintain decorum and must control the courtroom. It's necessary to the administration of justice. I will also say that I did not say or do anything disrespectful in my tone, in the words that I used, in my mannerisms. There's just absolutely nothing disrespectful or intended to interfere with the administration of justice. The barricade that I cited, I think is pretty much in point. And the other thing I think that's important here is Judge Reardon herself didn't cite to a rule or anything that was being violated. She simply said, don't make speaking objections. So I guess, number one, they weren't speaking objections if there is such a thing as a common definition, which I don't think there is. Secondly, I think the objections were timely. I think they were correct objections. And the court can look at the ruling- Counsel, can I interrupt you for a second? Okay, no interruptions. If they weren't correct objections, if there was a lot of objections that you made, multiple objections that were overruled, again and again the same objection, could the court consider them to be of a harassing nature simply because you continue to make objections? Well, no, for two reasons. Number one, I wouldn't be able to tell you what Judge Reardon may or may not have thought. I can only tell you what I thought, what I did, and why I did it. And secondly, you know, we lawyers have an obligation to protect the record. And if we think something's objectionable, to make an objection. There were certainly many objections that Judge Reardon, in this particular case, did sustain. But again, on this particular point, and what's a little bit different about this record is the lawyer's trying to prove up the legal services and the reasonableness of the fee without having testified to her client. And I think all of the justices here know you can't prove up legal fees if you didn't do the work, you didn't have the personal knowledge, and you can't offer an opinion as a lay person that the work was done or that the work was reasonable. So that was why there were objections in this particular case. Had Ms. Traub testified to her time and her testimony about reasonableness, wouldn't have had these many objections, but she chose to handle it that way. And that's an issue up in the appellate court. Thank you. You know, again, this is, you know, this is very serious. For a lawyer, Judge Reardon fined me $25 twice. So I could, I guess, take the easy way out and pay the $50 and move on with my legal career. But I think cases like this are really important to the bench and bar. I really think they offer some scope and some definition about, you know, what the court can and cannot do and what lawyers can and cannot do in court. But I think it has to be done respectfully. You know, you can advocate for your client, you can advocate hard. It's a motion for sanctions, it's up on appeal. So it was a difficult issue, but there was nothing impolite about it. The other thing is not only was the directive unclear, not only was there no definitional rule cited, but, you know, this has a ferdinand proof of beyond a reasonable doubt. So the court has to be very clear, every justice on this panel has to be very clear that what was said and what was done and why it was done and how it was done was specifically intended to disrespect the court. And it was done in a contemptuous manner. And the proof that exists in this case must be beyond a reasonable doubt. Mr. Canula, your time is up. Yes. You want to finish? I've never just, I did not disrespect the court. It was not my intention to disrespect the court. I did apologize, actually, but I'm not sure Judge Weir didn't accept it. So for all those reasons, I think it's a very important case. It's not about $50. It's about the work that lawyers do on a day-to-day basis in the courtroom and the use of their professional judgment. Thank you. Thank you. Justice Anderson, any questions? I don't. Thank you. Justice Peterson, any questions? I do not. Would your honor like the four other cases that are pending before the court? And again, I know that's not the focus here, but there have been four prior requests that if her cases- Actually, I do have a question and in a panel format, it's difficult sometimes, but are you suggesting, you are suggesting that she has some bias against you. Were these appeals filed before what happened in this appeal? Yes. Yes. And I can provide those citations, the case numbers if you'd like. I don't need them, but gentlemen, would you like them? If we want them, we can find them. Okay. Or if you want them, just have your clerk call me. I will give you the case, the number, and the page number where I make the request. All right. Thank you, Mr. Cannulli. Thank you very much. I appreciate the panel's time. We will issue a written decision on this matter in due course.